

**ORDERED in the Southern District of Florida on September 26, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In Re:                                                                Case No.:   12-20744-AJC
ONAN ORLANDO QUINTERO
SSN:   XXX-XX-3973                                          Chapter 13
WALDINA LIZETH QUINTERO
SSN:   XXX-XX-8390
_____/

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY AS TO BANK OF AMERICA, N.A., SUCCESSOR BY MERGER IN INTEREST TO COUNTRYWIDE HOME LOANS, INC., SECOND MORTGAGE

THIS CASE came to be heard on the 18th day of September, 2012, on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property Held by Bank of America, N.A., (Acct #3332), Successor by Merger in Interest to Countrywide Home Loans, Inc., second mortgage* (the "Lender")   (DE 35; the "Motion").   Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at

1102 SE 13 Terrace, Homestead, FL 33035, and more particularly described as:

LOT 14, BLOCK 7, GARENS OF HOMESTEAD, ACCORDING TO THE PLAT THEREOF AS RECORDED IN PLAT BOOK 130, PAGE 72, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

is $39,200.00 at the time of the filing of this case.

B.     The total of all claims secured by liens on the Real Property senior to the lien of Bank of America, N.A., (Acct #3332), second mortgage (the "Lender") is $135,475.00. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $0.00.

3. Because Lender's secured interest in the Real Property is $0, Lender's lien recorded on February 3, 2006 at OR Book 24208 Pages 0361-0365, CFN 2006R0124730 in the official records of Miami-Dade County, Florida, shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case. If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the Real Property.

4. (Select only one):

    _X_     Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured

        claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

or

    _ Lender filed a proof of claim in this case. It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $____ regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

Henry Hernandez, Esq.
Navarro Hernandez, P.L.
255 Alhambra Circle, #640
Coral Gables, FL 33134
Phone: (305) 447-8707
Fax: (305) 447-3787

Henry Hernandez, Esq., is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.